## Maxey *vs* Averill's Executors.

APPEAL FROM THE JEFFERSON CIRCUIT.

*Joint obligations.    Partners.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS action was brought against the executors of Averill upon a note signed "Averill & Browning," and the defendants having pleaded, that Averill & Browning were partners under that name, and that Averill died in the life of Browning, who still survives; the only question presented by the record is, whether, under such circumstances, the action can be maintained against the executors of the deceased partner.   This question is, as we think, answered in the affirmative by the provision of the third section of the act of 1797, concerning partitions, joint rights and obligations, (*Stat. Law*, 318,) which enacts that "the representatives of one, jointly bound with another for the payment, &c. and dying in the lifetime of the latter, may be charged by virtue of such obligation in the same manner as they might have been charged, if the obligors had been bound jointly and severally."

The case stated.

That the representatives of a deceased obligor, who was bound jointly and severally with another, might, at common law, be sued in the lifetime of the co-obligor, is well established by numerous authorities, and the effect of this statute is to place the liability of the representatives of a joint obligor, dying in the lifetime of his co-obligor, on precisely the same footing.   By the common law, if one of two or more joint obligors died, the entire legal obligation devolved exclusively upon the survivors, and the representatives of the deceased obligor could only be made liable in equity.   The effect of the statute in such a case, is that, so far as the remedy is concerned, the legal obligation of the deceased does not, as at common law, merge in that of the survivors, but devolves upon his representatives as if he had been severally and solely bound, while the survivors' remain also bound as

That the representatives of one *jointly and severally* bound with another, might be sued at common law, is well established, and the effect of the 3d section of the statute of 1797, (*Stat. Law*, 318,) is to place the representative of one *joint* obligor dying in the lifetime of his co-obligor, in the same condition.

MAXEY
*vs*
AVERILL'S EX'S.

The representatives of one member of a partnership is liable at law on a bond executed by the partners, in the partnership name.

if there had been no other obligor; and the obligee has a separate remedy upon each of these liabilities.

It is said, however, that the statute does not apply to this case, because this is a case of partners bound jointly by the note of the firm, executed in the name of the partnership, and that by the well settled law of partnership, the legal duty as well as the legal right growing out of a partnership contract, devolves upon the survivor. But this doctrine is no better settled at the common law, with regard to the contracts of partners, than it is with regard to the joint obligations of other parties: and as the case of one partner who, being jointly bound with his partner, dies in the lifetime of the latter, comes expressly and precisely within the words of the statute, we do not feel authorized to say that it is excluded from the remedial provisions of the statute, and especially as we perceive no ground for distinguishing, in this respect, between the case of partners and other obligors, sufficient to authorize the conclusion that the Legislature intended to discriminate between them, or that it would have done so if the application of the statute to the case of partners had been particularly thought of. It follows that, in our opinion, the plea was insufficient to defeat the action.

The Court, therefore, erred in overruling the demurrer to the plea above mentioned, and for that error the judgment is reversed and the cause remanded with instructions to sustain the demurrer and for further proceedings.

### PETITION FOR A RE-HEARING,
#### (By Mr. Pirtle.)

This case was heard upon very short briefs, without argument, and the importance of the principle to be settled by it, will be an apology for asking the Court for a re-hearing.

The commercial and manufacturing portions of our community are very deeply concerned in the establishment of the practice, whether the executor or administrator and heirs of a deceased partner can be sued at law, or whether the action shall be against the surviving partner only.

Partnerships should be encouraged; they will be very dangerous if this decision stands.

If the representatives of the deceased partner can be sued at law, his individual estate may be exhausted and his family ruined, while the survivor is holding the means of payment in his hands.

By the commercial law, on the death of one partner, the money, choses in action, stock and estate of every discription, go to the survivor for the payment of debts and settlement of accounts of the firm; the representative of the deceased has no right to receive any thing, or to hold any thing belonging to the concern. What consistency is there in this, if the individual estate of the deceased may be, in the first instance, made liable for all the debts of the firm?

The second section of the act of 1796, which destroys the *jus accrescendi,* has never been construed to extend to that kind of survivorship which existed between partners—it still exists. It exists for commercial convenience and almost from necessity; because the condition of the affairs of the firm, to be well managed, must be well known: this knowledge belongs to the survivor alone. The same propriety exists for confining the action at law to the survivor. It may be said that the second section of this act does not apply, in language, because it speaks of "joint tenants," and partners are not, strictly speaking, joint tenants. Well, I think so too; but the third section, which the Court has construed to include partners, I think, has not such expressions as do properly apply to partners. The section reads, "The representatives of one, *jointly bound* with another for the payment of debt, or for the performance or forbearance of any act, or for any thing, and dying in the lifetime of the latter, may be charged, by virtue of such obligation, in the same manner as such representatives might have been charged, if *the obligors* had been bound severally as well as jointly." Now, these expressions are not apt and proper to include those under parol promises, or any thing arising by any instrument not under seal. The writing of partners are not under seal. Partners could not be called *obligors.* It was not untill 1812, that writings without seal were

MAXEY
*vs*
AVERILL'S EX'S.

raised to the dignity of sealed instruments; before that time, they were mere parol; no one who had executed a note without seal, was, in legal language, termed an obligor. It may be inferred then, without violence to language, that the legislature did not mean to include partners.

As partners are not strictly "joint tenants," so they may not be considered "jointly bound." They are bound, as they are possessed of their effects, rather *in solido* than jointly, in the usual meaning of the word.

Our statute is copied from the act of Virginia of 1786, and yet we see, by the case of *Sale* vs *Dishman's Ex'rs*, in 3 *Leigh's Rep.* 548, that partners have not been deemed in that state, to be included in their act. The title of the act shows the subject considered by the legislature: it is, "An act concerning partitions; joint rights and obligations:" 1 *Lit. Laws*, 910.

The statute of 1812, it is thought, does not enlarge the act of 1796, or make any change in the law on this subject. It only speaks of the dignity of writings not under seal, and does not say one word about joint obligations, or the writings of partners.

The remedy of the representatives of a deceased partner, against the survivor, is in equity only. He cannot sue at law. He cannot compel a distribution of effects, but by the tedious process of a suit in chancery. The way is open directly for the creditor of the partnership. He can sue the survivor who has all the means of payment in his hands. But if there be any obstruction to his action—any whatever—there shall be no defect of justice as to him: the law gives him a right then to sue the representatives of the deceased in chancery, where every thing belonging to equity may be propely adjusted, as to the rights of the deceased, as well as the rights of the creditor, for all parties can be brought before that court.

A re-hearing is respectfully asked.

HENRY PIRTLE.

RESPONSE,
(By Judge Marshall.)

If it be conceded that the statute of 1796, referred to in the opinion, did not, at the time of its passage, embrace unsealed writings, because they were not then, technically, "obligations," and the makers of them were not "obligors," still as by the act of 1812, unsealed instruments of a certain character are placed upon the footing of sealed instruments, and have the same effect, they are, by virtue of that act, brought within the letter and operation of the act of 1796, and general statutes regulating the remedy and the mode of proceeding against joint or joint and several obligors, (as in the case of abatement by the sheriff's return,) have, since the act of 1812, been uniformly applied to the makers of notes not under seal, who are certainly bound by the note according to its tenor, and may be, and are called obligors, as the instrument itself is as much an obligation as if it were sealed.

*A note executed by partners, tho' not under seal, since the statute of 1812, is as much an obligation and within the operation of the act of 1796, (Stat. Law, 318,) concerning joint rights and obligations, as are writings under seal, and the remedy at law vs the representatives of a deceased partner exists at law in virtue of the statute of 1796.*

The makers of the note sued on in this case were, therefore, *bound*; they were *obligors*, and as we know no such obligations as obligations in *solido*, as distinguished from joint or joint and several obligations; they were joint obligors, and one of them who has died, was jointly bound with the other who has survived. If this cannot be said properly of these parties, it could not be said of any other persons not partners, who should sign their respective names in full, to an unsealed writing, by which they promised jointly to pay money, which cannot be admitted. The case, therefore, as is said in the opinion, comes expressly within the words of the statute. The case of *Sale* vs *Dishman's representatives*, 3 *Leigh's Rep.* does not militate against this conclusion, nor against the application of the statute to this case, any more than the common law principles which it asserts and which are admitted in the opinion. That case gives no construction to any statute, it was not founded upon a partnership note, but upon the common law liability of the deceased party and his representatives, which was decided not to

Maxey
*vs*
Averill's Ex's.

have been merged by a sealed instrument, which had been executed by the survivor.

With regard to the considerations of convenience and propriety, referred to in the petition, it is to be remarked that the obvious intent of the statute was to subserve the convenience and interest of the obligee by enabling him at once to make his debt by separate legal remedy against the survivor and the representatives of the deceased at the same time, or against whichsoever of them convenience or interest may point out. The survivor may be insolvent or inaccessible from distance, and in the case of partners, the deceased may have received all the partnership effects. If in these or other cases, the obligee might proceed in equity against the representatives of the deceased, without having first resorted to the remedy at law against the survivor, there is no reason why he should be compelled to do so. Nor do we perceive any imperative reason why he should be compelled to do so in any case. Why should he be delayed by, or involved in a settlement between the partners? No disposition to oppress the representatives of the deceased, as suing them when the debt can be conveniently made out of the survivor can be presumed; certainly it cannot be presumed that an embarrassed estate would be pursued, when a solvent one was equally accessible. Nor could the disposition to oppress, if it existed in any case, be indulged to any great extent, while the equitable remedy for coercing contribution or settlement, is open to the representatives of the deceased.

Petition overruled.

*Duncan* for plaintiff; *Pirtle and Wolfe* for defendants.