Judge Simpsok
delivered the opinion of the Court.
This was an action of assumpsit against the executors of Daniel Bates, deceased. The first two counts in the declaration set forth a joint contract and undertaking by the defendant’s testator and one Morris. The other counts are founded on a promise made by the de-. fendant’s testator alone. The Court below sustained a demurrer to the declaration and gave a judgment for the defendant, and the plaintiff has prosecuted a writ of error to reverse the judgment.
In support of the demurrer it is insisted that there was a misjoinder of causes of action, and therefore the declaration is bad. There is, however, no foundation for this objection to the declaration. All the causes of action are based upon the promise of the defendant’s testator. The counts are of the same nature, the same pleas are appropriate, and a similar judgment is required upon each. Such promises may, therefore, be joined in the same declaration.
The first two counts in the declaration ai’e objected to upon the ground, that upon the death of Bates the legal obligation devolved exclusively upon Morris the joint contracting party and survivor, and the representatives of Bates are not liable at law.
The case, however, we think, is embraced by the statute of 1797, (1 Stat. Law, 318,) which enacts “that the representatives of one jointly bound with another for the payment, &c., and dying in the lifetime of the latter, may be charged, by virtue of such obligation, in the same manner as they might have been charged, if the obligors had been bound jointly and severally.”
J. Sf W. L. Harlan for plaintiff; Burton for defendants.
If parol contracts and undertakings are not within the express letter of the statute, they are evidently embraced by its spirit and meaning; and the same reason which required a change of the common law upon the subject of the legal remedy on joint obligations,, technically so termed, where one of the joint obligors died, also required a similar change in joint contracts by parol. And as the language of the statute is sufficiently comprehensive to embrace them, we perceive no reason sufficient to justify the conclusion that the Legislature intended to discriminate between the two classes of cases. We are of opinion, therefore, the statute applies, and that an action of assumpsit may be maintained during the life of the survivor against the representatives of a joint contracting party who has died. We understand the case of Maxey vs Averill’s executors, (2 B. Mon. 107,) as favoring this construction of the statute.
But had these counts contained no cause of action against the defendants, it was erroneous to sustain a demurrer to the whole declaration, when some of the other counts were undoubtedly good.
Wherefore, the judgment is reversed, and cause remanded with directions to overrule the demurrer, and for further proceedings.